IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

_____

| | | |
|---|---|---|
| WILLIAM LAURIE | ) | Cause No. CV 08-004-BLG-RFC-CSO |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION OF |
| | ) | UNITED STATES MAGISTRATE JUDGE |
| CHUCK MAXWELL, et. al. | ) | TO STRIKE COMPLAINT AND DISMISS |
| | ) | CASE |
| Defendants. | ) | |

_____

On January 10, 2008, this Court received a Motion for Leave to Proceed in forma pauperis and a prisoner civil rights complaint submitted pursuant to 42 U.S.C. § 1983. (*Court's Doc. Nos. 1 and 2*). Both documents were styled in the name of William Keith Laurie but they were signed by Bonni M. Lawrence with "(power of attorney)" following the signature. A Power of Attorney document signed by Mr. Laurie on December 27, 2007, was submitted as an attachment to Plaintiff's Complaint.

On January 17, 2008, this Court issued a Show Cause Order requiring Plaintiff William Laurie to show cause in writing why his motion to proceed in forma pauperis and his complaint should be not be stricken as being in violation of Rule 11 of the Federal Rules of Civil Procedure. Plaintiff was given the

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO STRIKE
COMPLAINT AND DISMISS CASE / PAGE 1

alternative of withdrawing his motion and submitted complaint and resubmitting those documents with his own signature. (*Court's Doc. No. 3*). Plaintiff did not respond to the Court's Show Cause Order.

As set forth in the Show Cause Order, Rule 11 of the Federal Rules of Civil Procedures requires that all pleadings and motions filed with the Court be signed by the party making the motion if they are not represented by an attorney. A power of attorney may not be used to circumvent prohibitions on the unauthorized practice of law. *See e.g. DePonceau v. Pataki*, 315 F.Supp.2d 338, 341 (W.D.N.Y. 2004)(authority conferred on another by a power of attorney could not be used to circumscribe state laws that prohibits the practice of law by anyone other than a licensed attorney). Montana law prohibits the practice of law by a person who is not an admitted member of the bar. Mont. Code. Ann. § 37-61-210 (providing that practicing law without a license is contempt of court). Ms. Lawrence is not listed as an attorney licensed to practice law in the state of Montana. Accordingly, she cannot file actions, sign pleadings for, or act on behalf of Mr. Laurie, even with a power of attorney. Therefore, the Complaint and motion are not properly before this Court.

As Plaintiff has failed to respond to the Court's Show Cause Order and there is no Complaint or motion to proceed in forma pauperis properly before this Court, the Court enters the

FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE TO STRIKE COMPLAINT AND DISMISS CASE / PAGE 2

following:

## RECOMMENDATION

Plaintiff's Complaint and Motion for Leave to Proceed In Forma Pauperis should be **STRIKEN** as being in violation of Rule 11 of the Federal Rules of Civil Procedure and this matter should be **DISMISSED WITHOUT PREJUDICE.**

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to [28 U.S.C. § 636(b)(1)](), Plaintiff may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date this Findings and Recommendation is entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

**PLAINTIFF IS CAUTIONED TO KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS.  A FAILURE TO DO SO COULD RESULT IN THE DISMISSAL OF THIS CASE WITHOUT FURTHER NOTICE TO PLAINTIFF.**

DATED this 5th day of March, 2008.

/s/ Carolyn S. Ostby  
Carolyn S. Ostby  
United States Magistrate Judge