IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED
BILLINGS DIV.

2008 APR 1 AM 10 38

PATRICK E. DUFFY, CLERK

BY _____
DEPUTY CLERK

| | | |
|---|---|---|
| WILLIAM LAURIE, | ) | CV-08-004-BLG-RFC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER ADOPTING FINDINGS |
| | ) | AND RECOMMENDATIONS OF |
| CHUCK MAXWELL, et al., | ) | U.S. MAGISTRATE JUDGE |
| | ) | |
| Defendants. | ) | |
| | ) | |

On March 5, 2008, United States Magistrate Judge Carolyn S. Ostby entered her Findings and Recommendation. Magistrate Judge Ostby recommends Plaintiff's Complaint and Motion for Leave to Proceed In Forma Pauperis should be stricken as being in violation of Rule 11 of the Federal Rules of Civil Procedure and this matter should be dismissed without prejudice.

Upon service of a magistrate judge's findings and recommendation, a party has 10 days to file written objections. 28 U.S.C. § 636(b)(1).[1] In this matter, no party filed objections to the March 5, 2008 Findings and Recommendation. Failure to object to a magistrate judge's findings and recommendation waives all objections to the findings of fact. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1999). However, failure to object does not relieve this Court of its burden to review de novo the magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989).

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the Supreme Court's ruling in *Houston v. Lack*, 487 U.S. 266, 270-71 (1988), and the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

1

After an extensive review of the record and applicable law, this Court finds Magistrate Judge Ostby's Findings and Recommendation are well grounded in law and fact and adopts them in their entirety.

Plaintiff's Motion for Leave to Proceed In Forma Pauperis and Complaint were styled in the name of William Keith Laurie, but they were signed by Bonni M. Lawrence with "(power of attorney)" following the signature. A Power of Attorney document signed by Mr. Laurie on December 27, 2007 was submitted as an attachment to Plaintiff's Complaint. Rule 11 of the F.R.Civ.P. requires that all pleadings and motions filed with the Court be signed by the party making the motion if they are not represented by an attorney. Ms. Lawrence is not an attorney licensed to practice law in the state of Montana. She cannot file actions, sign pleadings for, or act on behalf of Mr. Laurie, even with a power of attorney.

Accordingly, **IT IS HEREBY ORDERED** Plaintiff's Complaint and Motion for Leave to Proceed In Forma Pauperis are **STRICKEN**. This matter is hereby **DISMISSED WITHOUT PREJUDICE.**

The Clerk of Court shall notify the parties of the making of this Order.

DATED the 31st day of March, 2008.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE